**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0273-17T3

RONALD GRINBLAT,

    Plaintiff-Appellant,

v.

ROBERT B. SIMON and
ELIZABETH M. SIMON,

    Defendants-Respondents.

_____

Argued October 11, 2018 – Decided October 23, 2018

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0184-16.

Ronald Grinblat, appellant, argued the cause pro se.

Andrew G. Toulas argued the cause for respondents (Harwood Lloyd, LLC, attorneys; Andrew G. Toulas, of counsel; Paul E. Kiel, on the brief).

PER CURIAM

Plaintiff Ronald Grinblat appeals from an August 4, 2017 order dismissing his complaint with prejudice in accordance with Rule 4:23-5(a)(2). We affirm.

By way of background, plaintiff filed a personal injury action against defendants Robert B. Simon and Elizabeth M. Simon. Defense counsel served discovery on plaintiff who was then, and still is, self-represented. The discovery propounded by defendants included Form A Interrogatories, Supplemental Interrogatories, a Notice to Produce, and a Demand for Admissions.

Because plaintiff failed to respond to these discovery requests, defendants filed a motion to dismiss plaintiff's complaint without prejudice in accordance with Rule 4:23-5(a)(1). Plaintiff did not oppose defendant's motion, and the motion was granted on March 31, 2017.

Defendant served the March 31, 2017 order on plaintiff by regular and certified mail.[1] On July 19, 2017, because plaintiff did not provide the outstanding discovery or move to reinstate his complaint, defendants moved to dismiss the complaint with prejudice in accordance with Rule 4:23-5(a)(2). Plaintiff filed opposition to this motion, confirming he received the required

---

[1] Plaintiff does not deny receipt of defendants' motion to dismiss or the order dismissing his complaint without prejudice.

A-0273-17T3

notices preceding defendants' application for dismissal with prejudice of his pleading.

In opposing the dismissal with prejudice of his complaint, plaintiff argued defendants' motions were defective. The motion judge, in a written statement of reasons, rejected plaintiff's arguments and granted the motion to dismiss the complaint with prejudice. The judge determined plaintiff did not provide fully responsive discovery within the sixty-day period following the dismissal without prejudice, and failed to show exceptional circumstances to excuse his failure to provide outstanding discovery. The judge acknowledged plaintiff claimed to have provided discovery prior to the March 31, 2017 order. However, the judge found plaintiff "provide[d] no documentation of serving discovery." Even as of the return date of the motion to dismiss the complaint with prejudice, plaintiff had not provided a copy of his discovery responses to defense counsel or the court. The judge also explained plaintiff cited "no external factors that would have substantially interfered with [plaintiff's] ability to fulfill his discovery obligations."

On appeal, plaintiff asserts the same arguments presented to the motion judge. Plaintiff argues the judge erred in dismissing his complaint with prejudice because defendants' dismissal motions were defective.

3

We review the dismissal of plaintiff's complaint against defendants for an abuse of discretion. Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). Generally, we "defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79–80 (2017).

In accordance with Rule 4:23-5(a)(2), plaintiff appeared before the court on August 4, 2017 to argue why his claims should not be dismissed with prejudice. The judge afforded plaintiff an opportunity to prove he provided complete responses to defendants' discovery demands. Alternatively, plaintiff was given a chance to explain any exceptional circumstances to avoid dismissal of his complaint with finality.

There is no evidence plaintiff responded to discovery as propounded by defendants. Plaintiff's certification in opposition to defendants' motion to dismiss with prejudice stated he "provided defendants' attorney . . . with two HIPPA forms, medical information, pictures taken at the scene and an incident report." Plaintiff also told the judge during oral argument that he believed defense counsel already had the information.

A-0273-17T3

Plaintiff never certified he provided answers to interrogatories, produced all documents responsive to defendants' notice to produce, or responded to defendants' request for admissions. Nor did plaintiff offer any explanation to excuse his non-compliance with discovery. Plaintiff cannot selectively respond to duly served discovery requests.

Having reviewed the record, we are satisfied the judge did not abuse his discretion based on plaintiff's failure to provide the requested discovery or explain why he was unable to do so. Plaintiff was aware of his discovery deficiencies upon receipt of defendants' motions to dismiss his complaint and failed to cure those discovery delinquencies or otherwise respond prior to his mandatory appearance before the court on August 4, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0273-17T3